### Weller Manufacturing Co. v. August Krumholz.

1. INSTRUCTIONS—*The Purpose and Object of.*—The object and purpose of instructions are to convey to the jury correct principles of law as applicable to the evidence laid before them, and nothing should be given them unless it will promote such object.

Assumpsit, for labor and material. Appeal from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed May 23, 1902.

JOSEPH H. FITCH, attorney for appellant.

JEROME PROBST, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action brought by appellee to recover in assumpsit for labor and material furnished in making three machines called "absorbers," designed to be used upon sugar plantations in making sugar. These machines were ordered by appellant from appellee, who is a boiler maker, and who furnished the steel and made the "shells and the shelves on the inside of the absorber, and riveted on the castings," and flanges. Appellant then finished the machines, putting in copper or brass flues, and bolted on the heads. By the arrangement between the parties appellee agreed to test each machine at a pressure

of one hundred pounds, and it was understood that the work done by appellee was to withstand, without leaking, that amount of liquid pressure. Appellee had been furnishing these "absorbers" in accordance with this arrangement for about three years and the machines had proved satisfactory until in October of 1896 complaint was received from several sugar plantations that a number of these "absorbers," then recently furnished, were leaking so badly that they could not be used. The cause of the leaking was, as there is evidence tending to show, that the rivets were loose and the flanges were cracked, owing, it is claimed, to defective material and workmanship furnished by appellee, and to the absence of angle irons, which had been left off at appellee's suggestion, from the machines which proved thus defective. Appellant was obliged to replace three of these machines, and for that purpose ordered from appellee the shells and partitions for three new machines, directing them to be made with angle irons in the same way the machines had been originally constructed. The shells for these were furnished by appellee in accordance with this order and it is for these three machines furnished to replace those which had been defective, that appellee sued to recover in this action. Appellant claims that appellee agreed to replace at his own expense such shells as were found defective, and in addition to filing a plea of general issue appellant gave notice of offset, claiming to be entitled to recover damages suffered by reason of the alleged defective material and workmanship which had been furnished by appellee.

Inasmuch as the case must be retried we refrain from comment on the evidence. It is contended that the first four of the instructions, given at the request of appellee's attorneys, were improper and misleading because not justified by the evidence. These instructions are based upon the theory that there had been an adjustment of accounts between the parties and an agreement as to the balance due from appellant, constituting an account stated. The only evidence upon which it is sought to support this theory is the testimony of appellee as follows: " We would render

them a statement every month. * * * No objection
was ever made by the defendant to the statement of account
as rendered by us or to the extras; he has accepted the bill
so far; he paid us $100 and we gave him credit for it.
There was never anything said about extras, but the state-
ments rendered showed the extras. The $100 credit was
paid in February and the bill was rendered in December.
We had been paid in full prior to December. I took this
item of $100 off our books as the last item paid."

What the statements were, which it is claimed were so
rendered to appellant, and what the bill was which it is
claimed was thus "accepted," nowhere appears. No such
statement nor any copy of it was offered in evidence, and
as to the payment of $100 on account, which is referred to
as evidence of appellant's acceptance of and acquiescence
in appellee's demand, appellant's president and treasurer
testifies that at the time it was paid "Mr. Krumholz claimed
that he was a little short and wanted to know if I could
not give him $100, and I gave it to him without any state-
ment of account. I did not know how the account stood
at that time. It had no reference to the account." There
is an assertion in appellee's brief that "A copy of the
statement rendered on the account sued for, is as follows:"
But we find no evidence whatever in the record that the
statement thus referred to ever was rendered. There is
in the record an exhibit which appellee testifies is "A
statement of all digesters and absorbers with the sizes
and dimensions furnished by me since 1894." But that
this statement or any portion of it was ever rendered to
or accepted by appellant we find no evidence of, whatever.

The four instructions referred to are based upon the
theory, as stated in the instructions themselves, that there
was evidence tending to show that the parties "met and
looked over the accounts between the plaintiff and the
defendant and settled all matters between them and struck
a balance and agreed upon that as the amount due from
one to the other;" that there was a settlement and adjust-
ment of accounts, and that a statement had been sent by

mail, in which, by silence, appellant had acquiesced, when, in fact, there is no evidence whatever in the record tending to support such a theory. As propositions of law merely, the instructions are not questioned; but without evidence to which they could properly be applied they are very likely to have misled the jury, and we are unable to say such was not their effect. In Baxter v. The People, 3 Gilman, 381, it is said: "The object of instructions is to convey to the jury correct principles of law as applicable to the evidence which has been laid before them, and nothing should be given them unless it will promote that object." See also, Montag v. The People, 141 Ill. 75–81, and cases there cited.

Objection is made also to the fifth instruction which states a correct principle, but one not involved in this controversy. Appellant does not claim that appellee is liable upon an implied warranty of the "fitness" or "suitableness" of the absorber for the uses for which it was intended. The claim here is precisely what appellee's attorney concedes to be in accordance with the law if supported by sufficient evidence, viz., that appellee, as "manufacturer, impliedly warranted good workmanship," and it is sought to recover upon such warranty, not upon a warranty of the fitness or suitableness of the machine. Other objections are urged which we do not deem it necessary to consider at length. Appellee's attorney succeeded in having the jury instructed upon a theory not sustained by the evidence, and for the reasons indicated the judgment of the Circuit Court must be reversed and the cause remanded.

Mr. Justice WATERMAN took no part.